UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| DAVID STEINHAUSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ALLIANT TECHSYSTEMS INC. | ) Case No. |
| WELFARE BENEFITS PLAN (NON-UNION), | ) |
| | ) |
| and | ) |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
| Defendants. | |

## COMPLAINT

1. The Plaintiff, David Steinhauser, by and through the undersigned counsel, Talia Ravis, files this Complaint against Alliant Techsystems Inc. Welfare Benefits Plan (Non-Union), ("the Plan"), and Life Insurance Company of North America ("LINA").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, David Steinhauser brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3).

3. The Plaintiff, David Steinhauser, has at all times material hereto, been a citizen of Oak Grove, Missouri.

4. Mr. Steinhauser is a former employee of Alliant Techsystems, Inc. (hereinafter "Alliant").

5. Plaintiff is informed and believes that Defendant LINA is a Pennsylvania corporation doing business in Jackson County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

6. LINA issued the Alliant Techsystems Inc. Welfare Benefits Plan (Non-Union), group policy number FLK-980091, to Alliant for the benefit of employees of Alliant, agreeing to pay Mr. Steinhauser long-term disability benefits in the event of his disability.

7. The Plan is an employee benefit plan that provides disability benefits to participants of the Plan in the event they become disabled. The LTD benefit pays a percentage of the employee's former salary. The LTD benefits are payable as long as the participant remains totally and permanently disabled, through age 65.

## FACTUAL ALLEGATIONS

A. **VOCATIONAL INFORMATION**

8. Plaintiff began employment with Alliant Techsystems in June of 2002.

9. Plaintiff worked as a maintenance repairer for Alliant. According to the job description contained in his claim file, Plaintiff's role included a number of responsibilities, including, but not limited to:

    - Visually inspecting and testing machinery and equipment, using electrical test equipment;

    - Listening for unusual sounds from machines or equipment to detect malfunction and discusses machine operation variations with supervisors or other maintenance workers to diagnose problem or repair machine.

- Dismantling defective machines and equipment and installs new or repaired parts, following specifications and blueprints, using precision measuring instruments and hand tools;

- Cleaning and lubricating shafts, bearings, gears, and other parts of machinery, using rags, brushes, and grease gun;

- Installing and repairing electrical apparatus, such as transformers and wiring, and electrical and electronic components of machinery and equipment;

- Assembling, installing and maintaining pipe systems and related hydraulic and pnueumatic equipment;

- Repairing and replacing gauges, valves, pressure regulators, and related equipment;

- Installing machinery and equipment according to blueprints and other specifications;

- Installing, programming or repairing automated machinery and equipment, such as robots or programmable controllers;

- Setting up and operating machine tools, cutting torch, or welding equipment; and

- Fabricating and repairing counters, benches, partitions, and other wooden structures.

**B. THE DEFINITION OF "DISABILITY" UNDER THE PLAN.**

10. The Plan defines "Disability/Disabled" as the following:

    *"Definition of Disability/Disabled*

    *An Employee is Disabled if, because of Injury or Sickness,*

3

> 1. *he or she is unable to perform the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and*
>
> 2. *after Disability Benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, solely due to Injury or Sickness, he or she is unable to earn more than 60% of his or her Indexed Covered Earnings."*

[LTD Policy, page 2]

## C. MEDICAL INFORMATION SUPPORTING PLAINTIFF'S TOTAL DISABILITY.

11. In May of 2014, Plaintiff was forced to stop working due to the disabling effects of lumbar disc degeneration, cervical disc displacement, recurrent rotator cuff tear in his right shoulder, COPD, arthritis, and post-traumatic stress disorder.

12. As a result of these conditions, Plaintiff suffers from several disabling symptoms, including, but not limited to: constant pain, memory loss, difficulty with sleep, shortness of breath, and depression secondary to his disabling physical conditions.

13. Plaintiff, together with his physicians, has attempted to treat his disabling conditions with numerous surgeries (including two rotator cuff repair surgeries on the right side, three back surgeries, and an arthroscopic shoulder surgery), physical therapy, epidurals, trigger point and steroid injections, but nothing has provided enough relief to allow him to return to work.

14. Plaintiff's physicians have consistently held that he has remained totally disabled from performing the material duties of his own occupation, or any other, since he was forced to

stop working in May of 2014, and that he remains totally and permanently disabled from working in any occupation to date.

15. In June of 2015, the Social Security Administration approved Plaintiff's claim for Social Security Disability Insurance Benefits, finding him totally disabled from performing any substantial gainful activity. The SSA defines "disability" as the following:

"the term disability means:

*(A) Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."*

Section 223(d) of the Social Security Act, 42 U.S.C. §423(d).

## D. CLAIM INFORMATION UNDER THE PLAN

16. In May of 2014, Plaintiff was no longer able to work due to the severity of his conditions.

17. Plaintiff applied for disability benefits under the Plan in May of 2014.

18. LINA approved Plaintiff's LTD claim in a letter dated November 12, 2014.

19. Then, after receiving LTD benefits for 24 months, LINA abruptly terminated Plaintiff's LTD benefits in a letter dated November 3, 2016.

20. On May 26, 2017, with the help of undersigned counsel, Plaintiff submitted a letter of appeal in support of his claim for LTD benefits, via fax, which was confirmed as received on that date.

21. As part of Plaintiff's appeal, Plaintiff submitted to LINA evidence supporting the fact that he remains totally disabled from performing the material duties of his own

5

occupation or any other, and that his condition has not significantly improved in any way, including:

- Plaintiff's updated medical records;
- Plaintiff's SSDI award notice;
- Plaintiff's neuropsychological assessment; and
- List of Plaintiff's medications and side effects

22. In a letter dated July 13, 2017, LINA informed Plaintiff that it required an additional 45-days to review his appeal.

23. To date, LINA has not rendered a decision regarding Plaintiff's appeal.

24. Pursuant to the Department of Labor's Regulations, LINA was required to render a decision within 90 days of receipt of Plaintiff's appeal. 29 C.F.R. §2560.501-1(f)(3).

25. As of today's date, 94 days has passed since LINA received Plaintiff's appeal.

26. Plaintiff's administrative remedies are "deemed exhausted", once the deadline for decision has passed, so the claimant may then file a civil action. 29 C.F.R. §2560.503-1(l).

27. The medical information in LINA's claim file establishes that Plaintiff was entitled to receive long-term disability benefits under the Plan for the entire duration of the benefit period.

28. His physicians reported to LINA that he continues to be totally disabled.

29. Plaintiff provided significant proof of disability. Despite this proof, Defendants refused to pay Plaintiff his disability benefits.

## CLAIMS FOR RELEIF

**COUNT 1: WRONGFUL DENIAL OF LONG-TERM DIABILITY BENEFITS**

30. Paragraphs 1-29 are hereby re-alleged, and are incorporated herein by reference.

31. From May of 2014, until the present, Plaintiff has remained unable to perform the duties of his own occupation, or any other.

32. Plaintiff has provided the Defendants with substantial medical evidence verifying his total disability and eligibility for long-term disability benefits under the Plan.

33. His physicians have reported that Plaintiff is unable to work due to the seriousness of his conditions.

34. The Defendants have wrongfully denied Plaintiff's long-term disability benefits in violation of the Plan and ERISA.

35. Defendants have breached the Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

36. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his long-term disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

37. Following the denial of benefits under the Plan, Plaintiff exhausted all administrated remedies required under ERISA, and/or as demonstrated by Defendants' actions herein, attempts to pursue further administrative remedies would have been futile. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

38. As a proximate result of the aforementioned wrongful conduct of the Plan, Plaintiff has damages for loss of long-term disability benefits in a total sum to be shown at the time of trial.

39. The wrongful conduct of LINA and the Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce his rights under the terms of the Plan.

40. Defendant LINA abused its discretion by wrongfully denying Plaintiff's long-term disability benefits.

41. By denying Plaintiff's claim despite a plethora of evidence supporting his eligibility for benefits under the Plan, Defendants denied Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, David Steinhauser, requests that this Honorable Court enter Judgment:

A. Finding that David Steinhauser is entitled to long-term disability benefits and order the Defendant to pay all past due benefits and pay for further monthly benefits as they become due.

B. Award the Plaintiff interest on the amount of past due benefits, which remain unpaid.

C. Award the Plaintiff his attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

Dated: August 28, 2017

By: /s/Talia Ravis_____
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955 (tel)
1-800-694-3016 (fax)

travis@erisakc.com
*ATTORNEY FOR PLAINTIFF*